**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EVER ENRIQUE FERNANDEZ-ATENCIO,

Petitioner,

v.

PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement, et al.,

Respondents.

Case No.: 26cv4593 DMS (AHG)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition. Petitioner did not file a Traverse. After considering the parties' briefs, the relevant legal authority and the record, the Court grants the Petition.

Petitioner Ever Enrique Fernandez-Atencio is a citizen of Venezuela who presented for inspection at a port of entry on February 28, 2023. (Pet at 3.) Because Petitioner did not have valid entry documents, he was served with a Notice to Appear and then paroled into the United States. (*Id.*) In September 2024, Petitioner filed an application for asylum, withholding of removal, and for protection under the Convention Against Torture. (*Id.* at

4.) In November 2025, Petitioner received employment authorization to work in the United States, which is valid through 2030. (*Id.*)

On June 28, 2026, Petitioner was driving home from Los Angeles with his family when they accidentally made a wrong turn and entered a naval base in San Diego. (*Id.* at 5.) Petitioner was detained and subsequently placed in immigration custody. (*Id.*) He is currently detained at Otay Mesa Detention Center.

On August 11, 2026, Petitioner filed the present case seeking release from custody, or alternatively, a bond hearing. Petitioner raises two claims under the Administrative Procedure Act and a third claim alleging a violation of his due process rights under the Fifth Amendment. In their Return, Respondents acknowledge Petitioner is detained under 8 U.S.C. § 1226, and state they do not oppose an order from the Court directing that Petitioner receive a bond hearing. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration judge within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, Petitioner shall have the burden of proving by a preponderance of the evidence that he does not pose a danger to the community or a risk of flight if released on bond. Within twenty-one (21) days of this Order, the parties shall file a Status Report confirming Petitioner has received a bond hearing and the outcome of that hearing. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: October 1, 2026

Hon. Dana M. Sabraw
United States District Judge